**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

New Life Apostolic Church, Inc., and Ricky Finklea, Appellants,

v.

Progressive Church of Our Lord Jesus Christ, Inc., Theodore Jenkins, Sr., Lang Priester, David S. Johnson, Sr., and Paul C. Johnson, Respondents.

Appellate Case No. 2021-001368

———————

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-201
Heard April 9, 2024 – Filed May 29, 2024

———————

**AFFIRMED**

———————

Charles J. Boykin, Kenneth A. Davis, and Tierney F. Goodwyn, all of Boykin & Davis, LLC, of Columbia, for Appellants.

Costa M. Pleicones, James Y. Becker, and Ronald T. Scott, all of Haynsworth Sinkler Boyd PA, of Columbia; Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville; and G. Murrell Smith, Jr., of Smith Robinson

Holler DuBose Morgan, LLC, of Sumter, all for Respondents.

---

**PER CURIAM:**  This case is a dispute between a local church in Sumter and a denomination headquartered in Columbia.  The local church disassociated from the denomination, formed a new church, and sued the denomination for control of the property it used for worship services.  The local church is now named New Life Apostolic Church, Inc. (New Life).  The denomination is the Progressive Church of Our Lord Jesus Christ, Inc. (Progressive Church).

The circuit court granted Progressive Church summary judgment on all claims levied against it and on its counterclaims of ownership and trespass.  For the reasons explained below, we affirm.

First, the circuit court did not err in determining there were no genuine issues of material fact regarding ownership rights of the property in question.  The property is, and has always been, titled in the denomination's name—"the Progressive Church of Our Lord Jesus Christ, Inc."  There are three deeds that make up the property at issue.  New Life argues that because one of those deeds, the 2004 deed, lists the local church's address, there is an inference that the property was granted to the local church's congregation, and not to Progressive Church.  We respectfully disagree.  The use of the local church's address on one of the three deeds in question does not overcome the fact that the grantee named in the deed is plainly the denomination and that the head of Progressive Church at the time of the deed's execution signed the 2004 deed as the property's purchaser.  Therefore, there is no genuine dispute that the property is titled to the denomination.  *See Bluestein v. Town of Sullivan's Island*, 429 S.C. 458, 463, 839 S.E.2d 879, 881 (2020) ("In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law." (quoting *K & A Acquis. Grp., L.L.C. v. Island Pointe, L.L.C.*, 383 S.C. 563, 581, 682 S.E.2d 252, 262 (2009))).

Second, the circuit court properly ruled that it could not adjudicate New Life's claims challenging Progressive Church's governance, particularly the claim challenging Progressive Church's appointment of certain individuals as church leaders.  Civil courts may not decide ecclesiastical questions and controversies, but they may decide civil, contract, and property rights involved in a church controversy.  *Bramlett v. Young*, 229 S.C. 519, 537–38, 93 S.E.2d 873, 882 (1956).  Courts cannot "delve into the various church constitutional provisions . . . " because ecclesiastical autonomy "encompasses the 'power (of religious bodies) to decide for themselves,

free from state interference, matters of church government . . . .'" *Serbian E. Orthodox Diocese for U.S. of Am. & Canada v. Milivojevich*, 426 U.S. 696, 721–722 (1976) (quoting *Kedroff v. St. Nicholas Cathedral*, 344 U.S. 94, 116 (1952)).

Although New Life argues that it was not and is not asking the civil court system to evaluate any church administrative or disciplinary procedures, it asked the circuit court to hold:

> (1) the Individual Defendants are not the governing board of the Progressive Church and have no authority to take action on behalf of the Progressive Church; (2) the procedures in Article V of the Church Constitution shall be used for filling the vacancies on the Progressive Church's Board of Bishops or, in the alternative, the Board of Bishops shall be determined by the Progressive Church membership at a Convocation . . . .

New Life's request is a direct challenge to Progressive Church's interpretation of the church's governing documents. It appears adjudicating this dispute would require the court to scrutinize whether it was permissible for Progressive Church's Board of Presbytery, in 1988, to grant the then-presiding bishop, Bishop Smith, broad powers to adjust church governance at a time when Progressive Church had not filled all of its constitutional offices. The court would also have to question Progressive Church's position that any perceived deficiencies in past appointments were appropriately addressed in 2019, based on the Board of Bishops' interpretation of the church's constitution. As the authorities above recognize, and as the circuit court correctly ruled, a civil court may not decide these issues. *See also Milivojevich*, 426 U.S. at 708–09 (finding that the First and Fourteenth Amendments bar courts from interpreting a church's governing policy to determine whether the allocation of power within a church was proper and that a state high court had "impermissibly substitute[d] its own inquiry into church polity and resolutions . . . ").

Finally, the circuit court correctly found Progressive Church was entitled to summary judgment on its claim for trespass and that this precluded New Life's claim for equitable relief. "A well-known principle of property law is that property consists of a bundle of rights. . . . Thus, included in the value of property are the rights of exclusive possession and use and enjoyment protected by the trespass and nuisance causes of action respectively." *Babb v. Lee Cnty. Landfill*, 405 S.C. 129, 141, 747 S.E.2d 468, 474–75 (2013). "A trespass is any interference with 'one's right to the exclusive, peaceable possession of his [or her] property.'" *Id.* at 139, 747

S.E.2d at 473 (quoting *Ravan v. Greenville Cnty.*, 315 S.C. 447, 463, 434 S.E.2d 296, 306 (Ct. App. 1993)). "In an action of trespass to try title, the plaintiff, in proving title, need not go beyond a source from which both the defendant and plaintiff claim to derive title." *Lynch v. Lynch*, 236 S.C. 612, 617–18, 115 S.E.2d 301, 303–04 (1960). Our courts have also held "that in an action of trespass to try title, the plaintiff must recover on the strength of his [or her] own title." *Id.* at 618, 115 S.E.2d at 304.

We are sensitive to and respect New Life's argument that it "maintained exclusive possession of the Sumter Property for several years" and that it improved the property during that time. Still, and even taking the facts in New Life's favor, there is no reasonable inference that New Life's possession somehow allowed it to acquire title to or any equitable interest in the property. This precludes New Life's equitable claim, for long-standing South Carolina law explains, "[A] trespasser . . . [is] not entitled to compensation for improvements." *Cayce Land Co. v. Guignard*, 135 S.C. 446, 549, 134 S.E. 1, 33 (1926).

Disputes involving ownership of church property frequently focus on whether any "legally cognizable" language was in place before the dispute arose that acknowledged the denomination's legal or equitable interests in a local church's property. *See Jones v. Wolf*, 443 U.S. 595, 606 (1979) (explaining the neutral-principles approach for resolving church property disputes). This case presents the inverse situation, where the local church claims an interest in property titled to the denomination. Nevertheless, the same rule applies—absent legally cognizable language creating that interest, there is no genuine dispute that Progressive Church is entitled to judgment.

Because these issues are dispositive, the court need not address any remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when other issues are first dispositive). The circuit court's judgment is

**AFFIRMED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**